## No. 11,111

### YOUNG v. LEECH, ET AL.

Decided November 2, 1925.

Action to rescind a contract for the sale and purchase of real estate. Judgment for defendant.

*Affirmed.*

1. VENDOR AND PURCHASER—*Contract—Rescission—Waiver.* In an action by vendee to rescind a contract for the purchase of real estate, the evidence showing that plaintiff had failed to comply with the terms of the contract, it is held that he had waived the right to rescind for a breach thereof.

2. *Contract—Rescission.* A party desiring to rescind a contract for sale and purchase of real estate must do so within a reasonable time after he becomes aware of the facts and circumstances that entitle him to a rescission.

3. *Contract—Performance.* Vendee, under a contract for the sale and purchase of land, cannot insist on performance by the vendor until he has complied with the covenants to be performed on his part.

*Error to the District Court of Phillips County, Hon. H. E. Munson, Judge.*

Mr. T. E. MUNSON, Mr. AVERY T. SEARLE, for plaintiff in error.

Mr. CLAUDE D. WALROD, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS is an action to rescind and cancel a contract for the purchase and sale of real estate entered into October, 1920, by plaintiff Young vendee and defendant Leech vendor. The first payment thereunder, $3,000, was to be and was made on or about March 1, 1921. Vendee Young took possession of the premises under the contract and farmed the land during the years 1921, 1922 and 1923. The second payment of $1,000 was to be made on October 1, 1921, at which time, if the same was paid, the defendant Leech, vendor, was to deliver to the plaintiff Young, vendee, a warranty deed for the premises, together with an abstract of title showing good, merchantable title in the vendor. The vendee agreed to have the abstract examined and if there were any errors therein or corrections to be made he was required to furnish the vendor a written statement thereof, and the vendor was to have a reasonable time to make the title good and merchantable. These respective covenants were mutual covenants and if they were complied with, the vendee was to give a trust deed or mortgage upon the premises for the balance of the purchase price, which required the payment of a fixed sum annually until October 1, 1928. The second payment of $1,000 was not made, and the deed and the abstract were not furnished at the designated time, but the vendor deposited his deed and abstract in a bank and the vendee was notified of the same and made no objection thereto and did not at the time suggest any errors or corrections. At the time the contract was made there was a mortgage by the vendor of $5,000 on a half section of his land, one quarter section of which is included in the land in question. When and after the payment of $1,000 became due October 1, 1921, the vendor and vendee had some nego-

tiations respecting this payment, at which time the plaintiff agreed to make the payment later, and stated that when such payment was made by him he expected the deed and abstract as provided by the contract.  Certain letters passed between the parties which satisfied the trial court, and we believe justifiably so, that the vendee was aware of this mortgage and consented that it should be separated into two mortgages and one-half of the same should remain upon the land contracted for, which, in the event payment thereof was made by the vendee, would be applied on the purchase money.  It also appears that the vendee after he had failed to make the second payment was negotiating with banks and money lenders for borrowing the money and furnishing security so that he might comply with his contract.  These negotiations did not develop into anything tangible, the loans were not made and no payment, after the first one, was ever made.  Finally, in May, 1923, while the vendee was still residing on the premises and farming the same, he wrote a letter to the vendor Leech demanding immediate rescission of the contract on the ground that the vendor had failed to carry out the covenant of the contract to give to the vendee a warranty deed and abstract to the premises showing good and merchantable title.  The vendee also demanded the return of the $3,000 cash payment which he had made under the contract, with 8 per cent interest per annum from the date of payment. The trial court found from the evidence that the plaintiff vendee was not entitled to rescission or to insist upon a strict compliance with the terms of the contract because he had waived, by his conduct and statements, his right to insist upon a warranty deed and abstract of title at the time that the second payment was to be made, and the deed and abstract were to be furnished.  The court also found that the defendant was not entitled to damages under the counterclaim or cross-complaint of his answer which was asked for because of the failure of the vendee plaintiff to comply with the terms of the contract.  The foregoing statement of the facts are, in substance, the

specific findings which the court made at the conclusion of the evidence of both parties.

Our examination of the abstract and the supplemental abstract, the evidence and briefs of opposing counsel convinces us that the evidence is amply and legally sufficient to sustain the findings against the plaintiff vendee. It would serve no useful purpose to discuss the evidence at any length. While it is true that the warranty deed and abstract of title were not furnished by the defendant vendor on October 1, 1921, the covenant to do so was not broken because the same was conditioned upon the payment by the plaintiff vendee of $1,000 at that time, which was not made. The plaintiff vendee was notified twice that the vendor's warranty deed and the abstract of title which the latter agreed to furnish, were in a certain bank for examination by the vendee, and no objection was made at the time that the same should be delivered to the vendee personally, or that any defect in the title was disclosed. It was vendee's duty in the circumstances, as the trial court found, to have this abstract examined and to point out or raise such objections or corrections as he desired, and the defendant vendor had a reasonable time thereafter to make the title good. This duty was not performed by plaintiff. He was fully aware that there was a mortgage upon the premises and, as the trial court found, the parties to the contract agreed to divide this mortgage into two parts and such payment on the mortgage as the plaintiff vendee assumed would, if made by him, be applied upon the purchase price. Whatever rights, if any, the plaintiff vendee had as against the defendant vendor under this contract, he certainly was not entitled to a rescission. Had he complied fully with the terms of the contract on his part a different question would arise. Indeed, his complaint states that he was "ready and willing" to comply, but nowhere does he state, nor does it appear, that he was "able" to comply, or could or would have complied, with the contract on his part had the deed and abstract been furnished as the terms of the contract

required. There could scarcely be a plainer case of a waiver of the right to rescind. No citation of authority is necessary. The rule is fundamental that in such cases where a party desires to rescind he must do so within a reasonable time after he becomes aware of facts or circumstances that entitle him to a rescission.

Counsel for plaintiff in error, vendee and plaintiff below, criticise the trial court for ignoring certain other issues than that of waiver. The findings of the trial court disclose that it did not lose sight of any of the issues, but had a complete understanding of the evidence and of the law applicable. A sufficient answer to this criticism is that even if the title to this property was not good and merchantable and was substantially defective in any of the particulars pointed out by the plaintiff, these alleged defects could, or might, have been easily remedied by the defendant had the vendee plaintiff complied with the terms of his contract by making the payments thereunder. The plaintiff vendee could not insist upon performance by the defendant vendor until plaintiff himself had complied with covenants on his part which were to be kept and performed at the same time that the defendant vendor was required to furnish the deed and tender an abstract showing merchantable title. The court specifically found that the defendant vendor was in a position to give clear title to the land at all times whenever the plaintiff vendee had complied with his contract.

The judgment was manifestly right and it is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.